IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br>Latasha R. Tucker,<br><br>*Debtor*. | Case No: 17-80269<br>Chapter: 7 |
| Latasha R. Tucker,<br><br>*Plaintiff*,<br><br>v.<br><br>WageWorks, Inc.,<br><br>*Defendant*. | AP No. |

## COMPLAINT

**COMES NOW** Plaintiff, Latasha R. Tucker, by and through the undersigned counsel, and presents this complaint for damages and injunctive relief against Defendant, WageWorks, Inc., and alleges as follows:

### INTRODUCTION

1. Plaintiff seeks damages and injunctive relief because of Defendant's deliberate, continuing and willful violations of the automatic stay afforded by 11 U.S.C. § 362(a), and additionally, of the discharge injunction afforded by 11 U.S.C. § 524(a).

1

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and the District Court's *Order of Reference* dated April 25, 1985, this Honorable Court has jurisdiction of the claims within this adversary proceeding. Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

3. This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

4. Plaintiff, Latasha R. Tucker, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of Alabama, and is a debtor in the underlying bankruptcy case.

5. Defendant, WageWorks, Inc., is a Foreign Corporation, has a principal place of business at 1100 Park Place 4th Floor, San Mateo, California 94402, and is a creditor in the underlying bankruptcy case.

## FACTUAL ALLEGATIONS

6. On March 1, 2017, Plaintiff filed a *Voluntary Petition* and accompanying documents (collectively, the "Petition") under Chapter 7, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 17-80269 ("Bankruptcy Case").

7. The Bankruptcy Noticing Center's *Certificate of Notice* for the *Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline* reflects that such notice was provided to Defendant by first class mail on March 4, 2017.

8. Notwithstanding, throughout the pendency and after entry of discharge in the Bankruptcy Case, Defendant has continued its efforts to collect, at least in party, a prepetition and now-discharged debt. The subject prepetition debt relates to certain monies that Plaintiff, during her employment with Lowes Home Improvements, Inc., contributed to an employee benefit plan. Plaintiff departed from her employment with Lowes Home Improvements, Inc. in advance of the filing of the Bankruptcy Case.

9. Prior to and, as is relevant hereto, subsequent to the filing of the Bankruptcy Case, Defendant has consistently, often with a frequency of twice per month, mailed collection statements to Plaintiff.

10. On May 11, 2017, Plaintiff's bankruptcy counsel mailed a letter to Defendant which states, in pertinent part, as follows:

> Enclosed herewith for your review is a Notice of Commencement of Case providing you information pertaining to [my] client's bankruptcy case.
>
> Ms. Tucker received billing statements from you dated April 28, 2017. Please consider this as my one and only demand that you withdraw the demand for payment. Any continued billing will be deemed a violation of the automatic stay and will be dealt with accordingly.

11. Defendant disregarded the aforesaid letter and continued with its collection efforts.

12. On May 30, 2017, Defendant mailed a collection statement to Plaintiff which states, in pertinent part, that Plaintiff owes for "Missed Deduction[s]" in the amount of $21.24 for the period of June 2015.

13. On June 12, 2017, Defendant mailed a collection statement to Plaintiff which states, in pertinent part, that Plaintiff owes for "Missed Deduction[s]" in the amounts of $21.24 and $31.86 for the periods of May and June, 2015, respectively.

3

14. On June 20, 2017, this Honorable Court entered a *Discharge Order Discharging Debtor(s)*, thereby extinguishing Plaintiff's *in personam* liability for the subject indebtedness.

15. The Bankruptcy Noticing Center's *Certificate of Notice* for the aforesaid *Order* reflects that the same was provided to Defendant by first class mail on June 23, 2017.

16. On June 23, 2017, Plaintiff contacted Defendant, spoke with an individual self-identified as "Kim S.", provided all information relevant to the Bankruptcy Case, and requested that Defendant cease further collection efforts. Thereafter, Plaintiff spoke with a manager self-identified as "Brissa" who advised Plaintiff that the collection efforts would continue.

17. Defendant disregarded the aforesaid verbal request to discontinue collection efforts.

18. On July 21, 2017, Defendant mailed a collection statement to Plaintiff which states, in pertinent part, that Plaintiff owes for "Missed Deduction[s]" in the amounts of $21.24 and $31.86 for various periods in June and July, 2015, respectively.

19. On August 4, 2017, Defendant mailed a collection statement to Plaintiff which states, in pertinent part, that Plaintiff owes for "Missed Deduction[s]" in the amounts of $21.24 and $31.86 for various periods in June and July, 2015, respectively.

20. Recently, Plaintiff received another collection statement similar to the aforementioned statement of August 4, 2017.

21. Defendant's violations of the automatic stay are and were intentional and willful in that Defendant committed such acts after notice of the Bankruptcy Case.

22. Defendant's violations of the discharge injunction are and were deliberate and willful in that Defendant committed such acts after notice of the Bankruptcy Case.

23. Because of Defendant's violations of the automatic stay and discharge injunction, Plaintiff has been forced to retain counsel in this matter.

24. Defendant's conduct, in its entirety, rises to the level of willfulness and has interfered with the purposes of the Bankruptcy Code.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, frustration and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

### COUNT I - WILLFUL VIOLATIONS OF 11 U.S.C. § 362(a)(6)

26. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

27. Defendant violated 11 U.S.C. § 362(a)(6) as more so identified herein above.

28. Defendant's acts or omissions to act as described herein above, which Defendant undertook with knowledge of the Bankruptcy Case, constitute intentional and willful violations of the automatic stay.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, frustration and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

### COUNT II – DELIBERATE VIOLATIONS OF 11 U.S.C. § 524(a)

30. Plaintiff incorporates by reference herein each of the foregoing paragraphs.

31. Defendant violated and continues to violate 11 U.S.C. § 524(a) as described herein above, by, to-wit: engaging and continuing to engage in efforts directly solely at collecting money from Plaintiff to satisfy, in whole or in part, a prepetition discharged debt.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, frustration and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## PRAYER FOR RELIEF

**WHEREFORE, the premises considered**, Plaintiff respectfully moves this Honorable Court for an Order, *inter alia*:

a. holding Defendant in contempt of this Court for violating the automatic stay provision(s) of 11 U.S.C. § 362(a) and the discharge injunction provisions of 11 U.S.C. § 524(a);

b. awarding to Plaintiff and against Defendant actual, compensatory and punitive damages for Defendant's violations of the automatic stay provisions of 11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(k);

c. awarding to Plaintiff and against Defendant actual, compensatory and punitive damages, plus sanctions, for Defendant's violations of the discharge injunction provisions of 11 U.S.C. § 524(a), by virtue of 11 U.S.C. § 105(a);

d. awarding to Plaintiff and against Defendant the fees, costs and expenses of this litigation, pursuant to 11 U.S.C. §§ 105(a) and 362(k); and

e. awarding such other and further relief as this Honorable Court deems just and appropriate, including the equitable relief requested herein.

**RESPECTFULLY SUBMITTED** this the August 29, 2017.

        /s/ Anthony B. Bush
        Anthony B. Bush (ASB-7306-A54B)
        Attorney for Plaintiff/Debtor

**OF COUNSEL:**
Anthony B. Bush, Esq.
The Bush Law Firm, LLC
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone:     (334) 263-7733
Facsimile:  (334) 832-4390
E-mail:    anthonybbush@yahoo.com
             abush@bushlegalfirm.com